PAUL VUNCANNON v. JOE W. GARRETT, COMMISSIONER, NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES

No. 7319SC69

(Filed 21 February 1973)

Automobiles § 1— drunken driving — limited driving privilege — suspension for refusal to take breathalyer test

The Department of Motor Vehicles had authority to suspend for 60 days the limited driving privilege granted a defendant convicted of drunken driving for defendant's willful refusal to take a breathalyzer test at the time of his arrest for drunken driving. G.S. 20-16.2

Vuncannon v. Garrett, Comr. of Motor Vehicles

APPEAL by plaintiff from *Armstrong, Judge,* 25 September 1972 Session of RANDOLPH Superior Court.

The parties stipulated to the following:

"1. That all parties are properly before the Court and the Court has jurisdiction of the parties and the subject matter.

2. That all parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.

3. That there are no pending motions and neither party desires further amendments to the pleadings.

4. That on 22 February 1972, the petitioner was arrested upon reasonable grounds and charged with operating a motor vehicle upon the public highways of the State while under the influence of intoxicating liquor in violation of G.S. 20-138.

5. That after the petitioner was placed under arrest and advised of his constitutional rights, the petitioner was requested to submit to a chemical test of his breath for the purpose of determining the alcoholic content of the petitioner's blood; that petitioner without just cause or legal excuse willfully refused to submit to said test after being informed of his right to counsel and to have a witness observe the test, and that such refusal would result in a revocation of his driving privilege for a period of 60 days.

6. That the petitioner has exhausted his administrative remedies.

7. That on 11 April 1972, the petitioner was convicted of driving under the influence in the Randolph County District Court and was granted a limited driving privilege pursuant to the provisions of G.S. 20-179; that on said date, the petitioner surrendered his driver's license to the Court and the same was forwarded to the Department of Motor Vehicles.

8. That at the time the limited privilege was granted to the petitioner by the Court on 11 April 1972, the respondent had issued its official notice of revocation of driving privilege dated 31 March 1972, but such order did not become effective until 12:01 a.m., 15 April 1972, revoking the petitioner's driving privilege for 60 days, as shown by Exhibit "A."

9. That respondent on 2 May 1972 mailed its official notice and record of revocation of driving privilege to the petitioner, effective 12:01 a.m., 11 April 1972, requesting the petitioner to surrender his limited driving privilege granted by the Court, but the petitioner refused to surrender his limited driving privilege, as shown by Exhibit "B."

10. That the only issue for determination by the Court is an issue of law as follows:

Does the Department of Motor Vehicles have the authority to require the petitioner to surrender his limited driving privilege granted by the Court for a willful refusal to take the breathalyzer test in violation of G.S. 20-16.2?"

The trial court entered a judgment to the effect that Vuncannon must surrender his limited driving privilege granted by the court to the Department of Motor Vehicles for a period of 60 days for a wilful refusal to take a chemical test of breath but that the limited driving privilege granted by the court could not be retained beyond 60 days. From this judgment Vuncannon appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the defendant appellee.*

*Bell, Ogburn and Redding by J. Howard Redding for the plaintiff appellant.*

CAMPBELL, Judge.

The judgment of the trial court is in accordance with the law set forth in *Joyner v. Garrett, Comr. of Motor Vehicles,* 279 N.C. 226, 182 S.E. 2d 553 (1971). In the *Joyner* case, instead of having been convicted for operating a motor vehicle on a public highway while under the influence of an intoxicant in violation of G.S. 20-138, the driver pled guilty to the charge, and his driver's license was revoked for one year with "limited driving privileges in accordance with G.S. 20-179." The North Carolina Supreme Court went on to point out, however, speaking through Sharp, J. as follows:

"The suspension of a license for refusal to submit to a chemical test at the time of an arrest for drunken

driving and a suspension which results from a plea of guilty or a conviction of that charge are separate and distinct revocations. The interpretation which petitioner seeks would render G.S. 20-16.2 superfluous and meaningless. Petitioner's guilty plea [in this case a conviction] in no way exempted him from the mandatory effects of the sixty-day suspension of his license if he had wilfully refused to take a chemical test. . . . "

In the *Joyner* case the proceeding was sent back for a determination as to whether or not the driver willfully refused to take the test. "If the Superior Court finds that he did, his license must be revoked for an additional sixty days." In the instant case it was stipulated "that petitioner without just cause or legal excuse willfully refused to submit to said test." Thus, in the instant case the undetermined question in the *Joyner* case had been determined.

Affirmed.

Judges BROCK and GRAHAM concur.